UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO.

| | |
|---|---|
| THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY,<br><br>                         Plaintiff,<br><br>     v.<br><br>R.I. CRANSTON ENTERTAINMENT INC., STEVEN MEDEIROS, ABIGAIL RATCHFORD, ALYSSA NOBRIGA, AMANDA CERNY, ARIANNY LOPEZ, BRENDA GIEGER, BROOKE  JOHNSON a/k/a BROOKE TAYLOR, DENISE TRLICA a/k/a DENISE MILANI, DESSIE  MITCHESON, DEVIN JUSTINE TAKEGUMA, EMILY SEARS, JACLYN SWEDBERG, JAIME  EDMONDSON LONGORIA, JESSICA BURCIAGA, JESSICA HINTON a/k/a JESSA HINTON, JESSICA GOLDEN a/k/a JESSE GOLDEN, JOANNA KRUPA, KEELEY HAZELL, KRYSTAL FORSCUTT HIPWELL, LINA POSADA, LUCY PINDER, MARIANA DAVALOS, NIKKI LEIGH, PAOLA CANAS, RHIAN SUGDEN, SHELBY CHESNES, TIFFANY TOTH GRAY, TIFFANY SELBY AND URSULA MAYES,<br><br>                       Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

## I.  INTRODUCTION

1.      Plaintiff, The Princeton Excess and Surplus Lines Insurance Company ("PESLIC"), brings this declaratory judgment action for a determination that it has no obligation to pay any part of a Consent Judgment entered into between its insureds, R.I. Cranston Entertainment, Inc. ("R.I. Cranston") and Steven Medeiros ("Medeiros"), and the plaintiffs in the lawsuit captioned *Ratchford, et al.* v. *R.I Cranston Entertainment, Inc., et al.*, United States District Court, District of Rhode Island, Civil Action No. 19-496 (the "Ratchford Action").  The insureds assumed obligations under the Consent Judgment, including an unreasonable and

unallocated monetary judgment, without PESLIC's consent, in violation of the insureds' insurance contracts with PESLIC.  In addition, the insureds purported to assign their rights under the PESLIC policies to the plaintiffs in the Ratchford Action, another violation of a condition to coverage under the policies.  By entering into the Consent Judgment and assignment before any significant discovery had taken place in the Ratchford Action, the insureds prejudiced PESLIC by depriving PESLIC of its contractual right to defend the Ratchford Action and to exercise its discretion with respect to settlement of the Ratchford Action.  Further, most if not all of the alleged unlawful publications that were the subject of the Ratchford Action are not covered under the PESLIC policies for reasons independent of the insureds' breach of these conditions to coverage.

## II.    **PARTIES**

2.      PESLIC is an insurance company organized under the laws of Delaware with a principal place of business in New Jersey.

3.      On information and belief, R.I. Cranston is a corporation organized and existing under the laws of the State of Rhode Island and at times relevant to this action, operated a business named Wonderland in Providence, Rhode Island.  R.I. Cranston was a defendant in the Ratchford Action.

4.      On information and belief, Medeiros is the principal, owner and/or CEO of R.I. Cranston, and is a resident of and/or regularly transacts business in the State of Rhode Island. Medeiros was a defendant in the Ratchford Action.

5.      Based upon her allegations in the Complaint in the Ratchford Action, defendant Abigail Ratchford ("Ratchford") is a resident of Los Angeles County, California. Ratchford was a plaintiff in the Ratchford Action.

6.      Based upon her allegations in the Complaint in the Ratchford Action, defendant Alyssa Nobriga ("Nobriga") is a resident of Los Angeles County, California.  Nobriga was a plaintiff in the Ratchford Action.

7.      Based upon her allegations in the Complaint in the Ratchford Action, defendant Amanda Cerny ("Cerny") is a resident of Los Angeles County, California.  Cerny was a plaintiff in the Ratchford Action.

8.      Based upon her allegations in the Complaint in the Ratchford Action, defendant Arianny Lopez ("Lopez") is a resident of Los Angeles County, California.  Lopez was a plaintiff in the Ratchford Action.

9.      Based upon her allegations in the Complaint in the Ratchford Action, defendant Brenda Geiger ("Geiger") is a resident of Onondaga County, New York.  Geiger was a plaintiff in the Ratchford Action.

10.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Brooke Johnson a/k/a Brooke Taylor ("Johnson") is a resident of Santa Barbara County, California.  Johnson was a plaintiff in the Ratchford Action.

11.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Denise Trlica a/k/a Denise Milani ("Milani") is a resident of Los Angeles County, California.  Milani was a plaintiff in the Ratchford Action.

12.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Dessie Mitcheson ("Mitcheson") is a resident of Orange County, California.  Mitcheson was a plaintiff in the Ratchford Action.

13.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Devin Justine Takeguma ("Takeguma") is a resident of Ventura County, California.  Takeguma was a plaintiff in the Ratchford Action.

14.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Emily Sears ("Sears") is a resident of Los Angeles County, California.  Sears was a plaintiff in the Ratchford Action.

15.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Jaclyn Swedberg ("Swedberg") is a resident of San Bernardino County, California.  Swedberg was a plaintiff in the Ratchford Action.

16.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Jaime Edmondson Longoria ("Longoria") is a resident of Maricopa County, Arizona.  Longoria was a plaintiff in the Ratchford Action.

17.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Jessica Burciaga ("Burciaga") is a resident of Fulton County, Georgia.  Burciaga was a plaintiff in the Ratchford Action.

18.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Jessica Hinton a/k/a Jessa Hinton ("Hinton") is a resident of Los Angeles County, California.  Hinton was a plaintiff in the Ratchford Action.

19.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Jessica Golden a/k/a Jesse Golden ("Golden") is a resident of Los Angeles County, California.  Golden was a plaintiff in the Ratchford Action.

20.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Joanna Krupa ("Krupa") is a resident of Miami Dade County, Florida.  Krupa was a plaintiff in the Ratchford Action.

21.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Keeley Hazell ("Hazell") is a resident of Los Angeles County, California.  Hazell was a plaintiff in the Ratchford Action.

22.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Krystal Forscutt Hipwell ("Hipwell") is a resident of Caringbah, Australia.  Hipwell was a plaintiff in the Ratchford Action.

23.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Lina Posada ("Posada") is a resident of San Bernardino County, California.  Posada was a plaintiff in the Ratchford Action.

24.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Lucy Pinder ("Pinder") is a resident of Winchester, England.  Pinder was a plaintiff in the Ratchford Action.

25.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Mariana Davalos ("Davalos") is a resident of Los Angeles County, California.  Davalos was a plaintiff in the Ratchford Action.

26.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Nikki Leigh ("Leigh") is a resident of Los Angeles County, California.  Leigh was a plaintiff in the Ratchford Action.

27.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Paola Canas ("Canas") is a resident of Miami Dade County, Florida.  Canas was a plaintiff in the Ratchford Action.

28.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Rhian Sugden ("Sugden") is a resident of Los Angeles County, California.  Sugden was a plaintiff in the Ratchford Action.

29.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Shelby Chesnes ("Chesnes") is a resident of Prestwich, England.  Chesnes was a plaintiff in the Ratchford Action.

30.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Tiffany Toth Gray ("Gray") is a resident of Orange County, California.  Gray was a plaintiff in the Ratchford Action.

31.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Tiffany Selby ("Selby") is a resident of Duval County, Florida.  Selby was a plaintiff in the Ratchford Action.

32.     Based upon her allegations in the Complaint in the Ratchford Action, defendant Ursula Sanchez a/k/a Ursula Mayes ("Mayes") is a resident of Orange County, California. Mayes was a plaintiff in the Ratchford Action.

33.     Ratchford, Nobriga, Cerny, Lopez, Gieger, Johnson, Milani, Mitcheson, Takeguma, Sears, Swedberg, Longoria, Burciaga, Hinton, Golden, Krupa, Hazell, Hipwell, Posada, Pinder, Davalos, Leigh, Canas, Sugden, Chesnes, Gray, Selby and Mayes, collectively, are referred to herein as the "Image Claimants," and R.I. Cranston and Medeiros, together, are referred to herein as "Wonderland."

III.     **JURISDICTION AND VENUE**

34.     This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a determination of the rights and obligations of the parties under policies of insurance issued by PESLIC to Wonderland, with respect to the Ratchford Action.

35.     This action is brought pursuant to 28 U.S.C. § 2201 and seeks a judgment that PESLIC has no duty or obligation, either to the Image Claimants or Wonderland, to satisfy any or all of the Consent Judgment entered in the Ratchford Action.

36.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it involves an amount in controversy which exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants.

37.     Venue is proper in this Court because a substantial part of the events or omissions giving rise to the coverage dispute, including the Ratchford Action, took place in this District.

IV.     **FACTS**

A.     **INSURANCE POLICIES**

38.     PESLIC seeks a declaration regarding the following two surplus lines commercial general liability policies that it issued to R.I. Cranston (together, the "Policies").

    a.     PESLIC Policy No. 1RA3GL0000458-00, with a policy period of
           April 1, 2016 through April 1, 2017 (the "2016-2017 Policy").  A
           true and correct copy of the 2016-2017 Policy is attached hereto as
           Exhibit A.

    b.     PESLIC Policy No. 11RA3GL0000458-01, with a policy period of
           April 1, 2017 through April 1, 2018 (the "2017-2018 Policy").  A

true and correct copy of the 2017-2018 Policy is attached hereto as

Exhibit B.

39.     Wonderland claims to be insured under the Policies.

40.     The Insuring Agreement for Coverage B of the Policies states as follows:

> SECTION I – COVERAGES
>
> COVERAGE B - PERSONAL AND ADVERTISING INJURY
> LIABILITY
>
> 1.     Insuring Agreement
>
>> a.     We will pay those sums that the insured becomes
>> legally obligated to pay as damages because of
>> "personal and advertising injury" to which this
>> insurance applies.  We will have the right and duty
>> to defend the insured against any "suit" seeking
>> those damages.  However, we will have no duty to
>> defend the insured against any "suit" seeking
>> damages for "personal and advertising injury" to
>> which this insurance does not apply.  We may, at
>> our discretion, investigate any offense and settle
>> any claim or "suit" that may result.
>>
>> . . .
>>
>> b.     This insurance applies to "personal and advertising
>> injury" caused by an offense arising out of your
>> business but only if the offense was committed in
>> the "coverage territory" during the policy period.

[Exhibit A, ISO form CG 00 01 04 13, p. 6 of 16; Exhibit B, ISO form CG 00 01 04 13, p. 6

of 16].

41.     The Policies define the following terms:

> 1.     "Advertisement" means a notice that is broadcast or
> published to the general public or specific market segments
> about your goods, products or services for the purpose of
> attracting customers or supporters.  For the purposes of this
> definition:
>
>> a.     Notices that are published include material placed
>> on the Internet or similar means of communication;
>> and

   b.  Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

       . . .

  14.  "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a.  False arrest, detention or imprisonment;

   b.  Malicious prosecution;

   c.  The wrongful eviction from, wrongful entry into, or invasion of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d.  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e.  Oral or written publication, in any manner, of material that violates a person's right of privacy;

   f.  The use of another's advertising idea in your "advertisement"; or

   g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

[Exhibits A and B, ISO form CG 00 01 04 13, SECTION V – DEFINITIONS, pages 13 and 15 of 16].

  42.  The Policies further provide that:

   2.  Duties in the Event of Occurrence, Offence, Claim of Suit

       . . .

   d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

[Exhibits A and B, ISO form CG 00 01 04 13, SECTION IV - COMMERCIAL GENERAL

LIABILITY CONDITIONS, page 11 of 16].

43.    The Policies further provide that:

> Your rights and duties under this policy may not be transferred
> without our written consent except in the case of death of an
> individual named insured.

[Exhibits A and B, ISO form IL 00 27 22 98, COMMON POLICY CONDITIONS,

PARAGRAPH F, Transfer Of Your Rights And Duties Under This Policy, page 1 of 1].

44.    The Policies, in Coverage B – Personal and Advertising Injury Liability, Section

2. Exclusions, state the insurance does not apply to:

> SECTION I – COVERAGES
>
> COVERAGE B - PERSONAL AND ADVERTISING INJURY
> LIABILITY
>
> 2.    Exclusions
>
>> a.    Knowing Violation Of Rights Of Another
>>
>> "Personal and advertising injury" caused by or at
>> the direction of the insured with the knowledge that
>> the act would violate the rights of another and
>> would inflict "personal and advertising injury".
>>
>> b.    Material Published with Knowledge of Falsity
>>
>> "Personal and advertising injury" arising out of oral
>> or written publication of material, if done by or at
>> the direction of the insured with knowledge of its
>> falsity.
>>
>> c.    Material Published Prior To Policy Period
>>
>> "Personal and advertising injury" arising out of oral
>> or written publication, in any manner, of material
>> whose first publication took place before the
>> beginning of the policy period.

       d.      Criminal Acts

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

. . .

       f.      Breach Of Contract

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

[Exhibits A and B, ISO form CG 00 01 04 13, p. 6 of 16].

45.     The – Punitive or Exemplary Damages endorsement to the Policies states as follows:

This policy does not apply to

Punitive Or Exemplary Damages

Any punitive damages, exemplary damages or the multiplied portion of any award, because of any … "personal and advertising injury".

[Exhibits A and B, ISO form GL 21 51 08 15, General Exclusions, Exclusion – Punitive or Exemplary Damages].

46.     The 2017-2018 Policy contains an Exclusion – Libel, Slander, Disparagement, Privacy Violation and Advertising Injury Arising Out Of Exhibitions and Related Marketing Endorsement, that states as follows:

1.     Exclusions

A.     The following exclusion is added to paragraph 2. Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:

This insurance does not apply to:

Personal and Advertising Injury Parts d, e, f and g Arising Out Of Exhibitions and Related Marketing

The following parts of "personal and advertising injury":

d.     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.     Oral or written publication, in any manner, of material that violates a person's right of privacy;

f.     The use of another's advertising idea in your "advertisement"; or

g.     Infringing upon another's copyright, trade dress or slogan in your "advertisement";

if such activities arise out of or are part of "exhibitions and related marketing".

2.    Definitions

The following definition is added to Section V – Definitions:

"Exhibitions and related marketing" means:

(a)    The creation, production, publication, performance, exhibition, distribution or exploitation of motion pictures, television programs, commercials, web or internet productions, theatrical shows, sporting events, music, promotional events, celebrity image or likeness, literary works and similar productions or work in any medium including videos, phonographic recordings, tapes, compact discs, DVDs, memory cards, electronic software or media, books, magazines, social media, webcasts and web sites.

(b)    The conduct of individuals in shows, theatrical productions, concerts, sporting events, or any other form of exhibition.

(c)    Merchandising, advertising or publicity programs or materials for the operations and materials described in (a) or (b) above.

[Exhibit B – GL 21 96 10 16].

### B.   THE RATCHFORD ACTION

47.     On September 20, 2019, the Image Claimants commenced the Ratchford Action. The Complaint in the Ratchford Action (Exhibit C)  asserts causes of action against Wonderland for (i) violation of Section 43 of the Lanham Act, 25 U.S.C. § 1143 for false advertising and false association; (ii) violation of the right to privacy; (iii) violation of the common law right of publicity,  (iv) unauthorized use of name, portrait or picture in violation of R.I. Gen. Law § 9-1-28; (v), defamation; (vi) negligence and respondeat superior; (vii) conversion; (viii) unjust enrichment; and (ix) quantum meruit.  Each of the causes of action is based upon the alleged use of images of the Image Claimants in advertisements that allegedly were posted on Instagram, Twitter and/or Facebook.

48.     The Complaint in the Ratchford Action asserts that the Image Claimants' images were used to promote Wonderland's strip club.

49.     The alleged publications of images as alleged in the Ratchford Action are claimed to have occurred at different dates for each plaintiff, between September 2015 and March 2019, as shown in the Exhibits to the Complaint in the Ratchford Action.

50.     The Exhibits to the Complaint in the Ratchford Action reproduce alleged instances of publication before the terms of the 2016-2017 Policy and the 2017-2018 Policy involving Image Claimants Longoria and Pinder.

51.     The Exhibits to the Complaint in the Ratchford Action reproduce alleged instances of publication during the term of the 2016-2017 Policy involving Image Claimants Cerny, Johnson (Taylor), Swedberg, Longoria, Hazell, Sugden, Toth and Selby.

52.     The Exhibits to the Complaint in the Ratchford Action reproduce alleged instances of publication during the term of the 2017-2018 Policy involving Image Claimants

Ratchford, Nobriga, Lopez, Geiger, Milani, Mitcheson, Justine, Sears, Swedberg, Longoria, Burciaga, Hinton, Golden, Krupa, Hipwell, Posada, Pinder, Davalos, Leigh, Canas, Chesnes, Toth and Mayes.

53.     The Exhibits to the Complaint in the Ratchford Action reproduce alleged instances of publication after the expiration of the 2016-2017 Policy and the 2017-2018 Policy involving Image Claimants Cerny, Hazell, Posada, Davalos and Selby.

54.     On information and belief, one or more of the images used by Wonderland were purchased by or on behalf of Wonderland from third parties and/or the Image Claimants.

55.     Wonderland tendered the defense of the Ratchford Action to its liability insurers, including PESLIC.

56.     In response, on or about May 15, 2020, PESLIC sent a letter to Wonderland ("PESLIC Letter") (Exhibit D).

57.     In the PESLIC Letter, PESLIC advised Wonderland that PESLIC would afford a defense to Wonderland for all of the allegations in the Ratchford Action, subject to a reservation of rights to limit or deny coverage at a later time.

58.     In the PESLIC Letter, PESLIC advised Wonderland of its coverage position, including its position that there was no coverage under the 2017-2018 Policy for the claims in the Ratchford Action based upon the Exclusion – Libel, Slander, Disparagement, Privacy Violation and Advertising Injury Arising Out Of Exhibitions and Related Marketing Endorsement GL 21 96 10 16.

59.     PESLIC provided Wonderland with a defense for all claims in the Ratchford Action through counsel jointly retained by PESLIC and the insurer who had issued insurance

policies to Wonderland that covered periods before the 2016-2017 Policy and after the 2017-2018 Policy.

60.     The Court mandated mediation of the Ratchford Action.

61.     All discovery in the Ratchford Action, with the exception of specified damages disclosures by the Image Plaintiffs, was stayed pending the mandated mediation.

62.     Representatives of PESLIC, and defense counsel jointly retained by PESLIC and Wonderland's other insurer, participated in a mediation session on or about July 6, 2020 in the Ratchford Action ("July 2020 Mediation").

63.     PESLIC representatives participated in the July 2020 Mediation in good faith, consistent with the coverage position stated in the PESLIC Letter.

64.     The Ratchford Action was not resolved at the July 2020 Mediation.

65.     On information and belief, subsequent to July 2020, the insurer who had issued policies of insurance to Wonderland that covered periods before the 2016-2017 Policy and after the 2017-2018 Policy settled the claims with respect to advertisements that allegedly had been published during its policy periods.

66.     Subsequently, Wonderland retained separate counsel to negotiate with the Image Claimants without the participation of PESLIC.

C.     THE CONSENT JUDGMENT

67.     In October 2020, Wonderland entered into a proposed Consent Judgment with the Image Claimants ("Consent Judgment").  The Consent Judgment was submitted to the Court on October 26, 2020 and entered by the Court on October 27, 2020.  A copy of the Consent Judgment is attached as Exhibit E.

68.     In Paragraph 6 of the Consent Judgment, Wonderland agreed to entry of judgment against it in the amount of $1,895,000 (the "Stipulated Judgment").

69.     Wonderland entered into the Consent Judgment, including the Stipulated Judgment therein, without the consent of PESLIC, and PESLIC was not a party to the Consent Judgment.

70.     In Paragraph 5 of the Consent Judgment, Defendants acknowledged that in response to Wonderland's request for coverage PESLIC had advised Wonderland of its position that there was no coverage under the 2017-2018 Policy for the claims asserted in the Ratchford Action.

71.     The Consent Judgment contains no allocation of the Stipulated Judgment therein among the individual Image Claimants or to individual instances of alleged publication.

72.     In Paragraph 8 of the Consent Judgment, Wonderland agreed to assign to the Image Claimants "all of their rights, claims, and causes of action against Princeton and their agents, brokers, employees, officers and all other persons or entities to or arising out of (i) any applicable insurance policy or policies; (ii) the claims made by [the Image Claimants] against [Wonderland] herein; and (iii) any other assignment entered into by and between [the Image Claimants] and [Wonderland] (the "Assigned Claims")."

73.     The purported transfer of Wonderland's rights arising out of the Policies to the Image Claimants was made without seeking or obtaining the consent of PESLIC.

74.     In Paragraph 9 of the Consent Judgment, the Image Claimants agreed that "In consideration for these assignments and effective after such assignments have been delivered to [the Image Claimants] [the Image Claimants] agree to not take any action of any kind to assign, document, record, registered [sic] as a lien, or collect against [Wonderland] the Stipulated

Judgment, save and except for [Wonderland's] assets consisting of all right title and interest in the Princeton [sic] and each of them, together with all of their respective rights, claims, and causes of action in the Assigned Claims."

75.    On information and belief, the Image Claimants intend to seek to enforce the Stipulated Judgment against PESLIC under both the 2016-2017 Policy and under the 2017-2018 Policy.

76.    PESLIC denies that it has a duty or obligation to indemnify Wonderland for the claims asserted in the Ratchford Action pursuant to the 2016-2017 Policy.

77.    PESLIC denies that it has a duty or obligation to indemnify Wonderland for the claims asserted in the Ratchford Action pursuant to the 2017-2018 Policy.

78.    PESLIC denies that it has a duty or obligation to the Image Claimants to pay any of the Stipulated Judgment.

79.    PESLIC was prejudiced by the Consent Judgment, including but not limited to the Stipulated Judgment therein, because it was deprived, before any significant discovery had been taken in the Ratchford Action, of its right to defend the Ratchford Action and its right to settle the Ratchford Action at its discretion.

80.    The Stipulated Judgment is not reasonable, and is not enforceable against PESLIC.

81.    A justiciable controversy has arisen between PESLIC, as the insurer, and both Wonderland and the Image Claimants, regarding the parties' rights and obligations under the 2016-2017 Policy and the 2017-2018 Policy.  This justiciable controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court.

**COUNT I**

**Declaratory Judgment As To Wonderland's Breach of Conditions To
<u>Coverage Under the 2016-2017 Policy and the 2017-2018 Policy.</u>**

82.     PESLIC incorporates and repeats the allegations set forth in paragraphs 1 through

81 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

83.     The Consent Judgment, the Stipulated Judgment, and purported assignment of

rights referred to in the Consent Judgment, are the agreement of Wonderland and the Image

Claimants.

84.     PESLIC did not join in, assent to or otherwise agree to the Consent Judgment, the

Stipulated Judgment, or the purported assignment.

85.     Both the 2016-2017 Policy and the 2017-2018 Policy provide that  "No insured

will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or

incur any expense, other than for first aid, without our consent."

86.     By entering into the Consent Judgment, the Stipulated Judgment, and the

purported assignment, Wonderland breached the condition to recovery under the Policies quoted

in paragraph 85 above.

87.     Both the 2016-2017 Policy and the 2017-2018 Policy provide that "Your rights

and duties under this policy may not be transferred without our written consent except in the case

of death of an individual named insured."

88.     By entering into the Consent Judgment, the Stipulated Judgment, and the

purported assignment, Wonderland breached the conditions to recovery under the Policies quoted

in paragraph 87 above.

89.     Entry of the Consent Judgment, the Stipulated Judgment and the purported

assignment prejudiced the ability of PESLIC to protect its interests under the Policies.

90.     At the time the Consent Judgment was entered, PESLIC was honoring its obligation to defend Wonderland against all claims in the Ratchford Action, and was not in breach of any obligation under the Policies.

91.     PESLIC is entitled to a declaration that it is not liable to the Image Claimants or to Wonderland for any sum allegedly due pursuant to the Consent Judgment or the Stipulated Judgment.

## COUNT II

**Declaratory Judgment As To Duty to Indemnify Under the 2017-2018 Policy - Exclusion - Libel, Slander, Disparagement, Privacy Violation and Advertising Injury Arising Out Of Exhibitions and Related Marketing**

92.     PESLIC incorporates and repeats the allegations set forth in paragraphs 1 through 91 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

93.     Pursuant to the Exclusion - Libel, Slander, Disparagement, Privacy Violation and Advertising Injury Arising Out Of Exhibitions and Related Marketing, the 2017-2018 Policy does not insure the "personal and advertising injury" enumerated offenses of "[o]ral or written publication, in any manner, of material that slanders or libels a person or . . . disparages a person . . .; [or] . . . [o]ral or written publication, in any manner, of material that violates a person's right of privacy" if such activities arise out of are part of "exhibitions and related marketing."

94.     In the Ratchford Action, the Image Claimants allege that Wonderland advertised regularly via social media sites.  [Exhibit E, ¶ 130].  The Image Claimants also allege they were depicted in social media and Internet posts, social media posts, and internet pages encouraging patrons to visit Wonderland.  [Exhibit E, ¶ 133].  The Image Claimants assert that their images were used to promote Wonderland, a strip club, without their consent.  [Exhibit E, ¶¶ 142, 148].

95.     The claims in the Ratchford Action against Wonderland arise from Wonderland's alleged use of images of the Image Claimants to market its strip club, without the consent of the

Image Claimants, and in a manner that was defamatory or violated the Image Claimants' right of privacy.  [Exhibit E, ¶¶ 143-146].

96.     The Consent Judgment states that it settled the claims of the Image Claimants against Wonderland in the Ratchford Action.

97.     The Exclusion - Libel, Slander, Disparagement, Privacy Violation and Advertising Injury Arising Out Of Exhibitions and Related Marketing precludes coverage for the Image Claimants' claims against Wonderland under the 2017-2018 Policy.

98.     The 2017-2018 Policy's Exclusion - Libel, Slander, Disparagement, Privacy Violation and Advertising Injury Arising Out Of Exhibitions and Related Marketing precludes coverage for payment of the Stipulated Judgment set forth in the Consent Judgment or of any other damages sought to be awarded pursuant to the Consent Judgment under the 2017-2018 Policy.

99.     The Consent Judgment and the Stipulated Judgment therein do not differentiate between amounts that are allocable to offenses allegedly committed during the 2017-2018 Policy period and such amounts, if any, that are allocable to offenses allegedly committed outside the 2017-2018 Policy period.  Even if any portion of the Stipulated Judgment otherwise were recoverable from PESLIC, which PESLIC denies, the Image Claimants may not recover from PESLIC due to their failure to allocate the Stipulated Judgment.  In the alternative, the Stipulated Judgment must be allocated so that a specific amount is allocated to each alleged publication with respect to a specific Image Claimant, so that alleged offenses during the 2017-2018 Policy Period can be identified.

100.    PESLIC is entitled to a declaration that PESLIC does not have a duty to pay to Wonderland or the Image Claimants any sum allegedly due pursuant to the Consent Judgment or the Stipulated Judgment attributable to offenses committed during the 2017-2018 Policy Period.

### COUNT III

**Declaratory Judgment as To Section I – Coverages, Coverage B –
Personal And Advertising Injury, 2. Exclusions, ¶ b,
Material Published With Knowledge of Falsity,
In The 2016-2017 Policy and the 2017-2018 Policy.**

101.    PESLIC incorporates and repeats the allegations set forth in paragraphs 1 through 100 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

102.    The Image Claimants alleged in the Ratchford Action that Wonderland doctored materials to make it appear that the Image Claimants worked at, endorsed or were otherwise associated or affiliated with Wonderland.  [Exhibit E, ¶ 41].  Wonderland also was alleged to have published the altered images with knowledge that the Image Claimants did not work at or endorse and were not otherwise affiliated with Wonderland.  [Exhibit A, ¶¶ 217-218].

103.    Exclusion 2, ¶ b of the Policies bars coverage for "personal and advertising injury" offenses "arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity."  [Section I – Coverages, Coverage B – Personal and Advertising Injury, 2.  Exclusions, ¶ b.].

104.    PESLIC is entitled to a declaration that it is not liable for any portion of the amount allegedly due pursuant to the Consent Judgment and the Stipulated Judgment, or such part of the amount allegedly due under the Consent Judgment and the Stipulated Judgment that is excluded by Exclusion 2, ¶ b.

## COUNT IV

### Declaratory Judgment as To Section I – Coverages, Coverage B - Personal and Advertising Injury, 2. Exclusions, ¶ c, Material Published Prior To Policy Period, In The 2016-2017 Policy and the 2017-2018 Policy.

105.    PESLIC incorporates and repeats the allegations set forth in paragraphs 1 through 104 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

106.    The Policies do not insure offenses of "personal and advertising injury" "arising out of oral or written publication of material whose first publication took place before the beginning of the policy period." [Section I – Coverages, Coverage B – Personal and Advertising Injury, 2. Exclusions, ¶ c.].

107.    The Stipulated Judgment is for a lump sum and is not allocated to specific alleged offenses on specific dates with respect to specific Image Claimants.  Even if any portion of the Stipulated Judgment otherwise were recoverable from PESLIC, which PESLIC denies, the Image Claimants may not recover from PESLIC due to their failure to allocate the Stipulated Judgment.  In the alternative, the Stipulated Judgment must be allocated so that a specific amount is allocated to each alleged publication on a specific date with respect to a specific Image Claimant, and the Image Claimants are entitled to no recovery from PESLIC under the 2016-2017 Policy for an offense of personal and advertising injury arising out of a publication of material whose first publication took place before the 2016-2017 Policy Period, or under the 2017-2018 Policy for an offense of personal and advertising injury arising out of a publication of material whose first publication took place before the 2017-2018 Policy Period.

108.    PESLIC is entitled to a declaration that it is not liable under the 2016-2017 Policy for any sum allegedly due under the Consent Judgment and the Stipulated Judgment related to any alleged offense that took place before the commencement of the policy period of the 2016-

2017 Policy, or under the 2017-2018 Policy for any sum allegedly due under the Consent

Judgment and the Stipulated Judgment related to any alleged offence that took place before the

commencement of the policy period of the 2017-2018 Policy.

**COUNT V**

**Declaratory Judgment as To Alleged Offenses After**
**The Expiration of the PESLIC Policies' Respective Policy Periods.**

109.    PESLIC incorporates and repeats the allegations set forth in paragraphs 1 through

108 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

110.    The Policies only insure against personal and advertising injury liability caused

by an offense that takes place during their respective policy periods.

111.    The Stipulated Judgment is for a lump sum and is not allocated to specific alleged

offenses on specific dates with respect to specific Image Claimants.  Even if any portion of the

Stipulated Judgment otherwise were recoverable from PESLIC, which PESLIC denies, the

Image Claimants may not recover from PESLIC due to their failure to allocate the Stipulated

Judgment.  In the alternative, the Stipulated Judgment must be allocated so that a specific

amount is allocated to each alleged publication on a specific date with respect to a specific Image

Claimant, and the Image Claimants are entitled to no recovery from PESLIC under the 2016-

2017 Policy for personal and advertising injury caused by an alleged offense that took place after

the 2016-2017 Policy Period, or under the 2017-2018 Policy for personal and advertising injury

caused by an alleged offense that took place after the 2017-2018 Policy Period.

112.    PESLIC is entitled to a declaration that it is not liable under the 2016-2017 Policy

for any sum allegedly due under the Consent Judgment and the Stipulated Judgment related to

any alleged offense that took place after the expiration of the policy period of the 2016-2017

Policy, or under the 2017-2018 Policy for any sum allegedly due under the Consent Judgment

and the Stipulated Judgment related to any alleged offence that took place after the expiration of the policy period of the 2017-2018 Policy.

## COUNT VI

### Declaratory Judgment as To Section I – Coverages, Coverage B – Personal And Advertising Injury, 2.  Exclusions, ¶ a, Knowing Violation of Rights Of Another, <u>In The 2016-2017 Policy and the 2017-2018 Policy.</u>

113.    PESLIC incorporates and repeats the allegations set forth in paragraphs 1 through 112 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

114.    In the Ratchford Action, the Image Claimants alleged that Wonderland knew that permission was not given to use their Images, yet Wonderland chose to use the Images for their own pecuniary gain.  [Exhibit E, ¶¶140-152].  In the Ratchford Action [Exhibit E, ¶¶ 154-210], the Image Plaintiffs alleged that Wonderland unlawfully misappropriated their images.  [See, Exhibit E, ¶¶ 140-152, 217-218 and 234-236].

115.    The Policies' Exclusion 2, ¶ a bars coverage for "personal and advertising injury" "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'."  [Section I – Coverages, Coverage B – Personal and Advertising Injury, 2.  Exclusions, ¶ a.].

116.    PESLIC is entitled to a declaration that it is not liable for all of the amount allegedly due pursuant to the Consent Judgment and the Stipulated Judgment, or such part of the amount allegedly due under the Consent Judgment and the Stipulated Judgment that is excluded by Exclusion 2, ¶  a.

## COUNT VII

### Declaratory Judgment as To Section I – Coverages, Coverage B – Personal and Advertising Injury, 2.  Exclusions, ¶ d, Criminal Acts, In The 2016-2017 Policy and the 2017-2018 Policy.

117.    PESLIC incorporates and repeats the allegations set forth in paragraphs 1 through 116 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

118.    The Image Claimants asserted a conversion claim, i.e., theft, against Wonderland in the Ratchford Action.  [Exhibit E, Eighth Cause of Action, ¶ 234-235].

119.  The Policies' Exclusion 2, ¶ d bars coverage for "personal and advertising injury" offenses arising out of a criminal act committed by or at the direction of the insured.  [Section I – Coverages, Coverage B – Personal and Advertising Injury, 2. Exclusions, ¶ d.].

120.    PESLIC is entitled to a declaration that it is not liable for all of the amount allegedly due pursuant to the Consent Judgment and the Stipulated Judgment, or such part of the amount allegedly due under the Consent Judgment and the Stipulated Judgment that is excluded by Exclusion 2, ¶ d.

## COUNT VIII

### Declaratory Judgment as To Section I – Coverages, Coverage B – Personal And Advertising Injury, 2.  Exclusions, ¶ f, Breach Of Contract, In The 2016-2017 Policy and the 2017-2018 Policy.

121.    PESLIC incorporates and repeats the allegations set forth in paragraphs 1 through 120 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

122.    The Policies' Exclusion 2, ¶ f precludes coverage under the Policies issued to Wonderland by PESLIC, or any duty or obligation on the part of PESLIC to pay any portion of the Stipulated Judgment in the Consent Judgment, if Wonderland acted in breach of any contract for the use of any images of the Image Claimants.  That exclusion states the insurance does not apply to "personal and advertising injury" "arising out of a breach of contract, except an implied

contract to use another's advertising idea in your 'advertisement'".  [Section I – Coverages, Coverage B – Personal and Advertising Injury, 2.  Exclusions, ¶ f.].

123.    PESLIC is informed and believes, and therefore avers, that Wonderland entered into a contract or contracts permitting it to use some or all of the Image Claimants' images with certain limitations, and breached the terms of such contract or contracts.

124.    PESLIC is entitled to a declaration that it is not liable for all of the amount allegedly due pursuant to the Consent Judgment and the Stipulated Judgment, or such part of the amount allegedly due under the Consent Judgment and the Stipulated Judgment that is excluded by Exclusion 2, paragraph f.

## COUNT IX

### Declaratory Judgment as To Exclusion of Punitive Damages
### Claims In the 2016-2017 Policy and the 2017-2018 Policy.

125.    PESLIC incorporates and repeats the allegations set forth in paragraphs 1 through 124 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

126.    The Image Claimants sought exemplary and/or punitive damages from Wonderland in the Ratchford Action.  [Exhibit E, ¶¶ 163, 172, 197, 210 and 223].

127.    The Policies contain the following exclusion:

> This policy does not apply to:
>
> **Punitive Or Exemplary Damages**
>
> Any punitive damages, exemplary damages or the multiplied portion of any award, because of any … "personal and advertising injury".

[Exhibits A and B –Exclusion – Punitive or Exemplary Damages].

128.    PESLIC is entitled to a declaration that it is not liable for all of the amount allegedly due pursuant to the Consent Judgment and the Stipulated Judgment, or such part of the

amount allegedly due under the Consent Judgment and the Stipulated Judgment that is excluded by the Policies' exclusion for punitive or exemplary damages.

## COUNT X

### Declaratory Judgment As To Insuring Agreement – The Stipulated Judgment Is Not A Sum Wonderland Ever Was Legally Obligated To Pay.

129.    Princeton incorporates and repeats the allegations set forth in paragraphs _ through 128 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

130.    The Policies' Coverage B Insuring Agreement states that "We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies."
[Exhibit A, ISO form CG 00 01 04 13, p. 6 of 16; Exhibit B, ISO form CG 00 01 04 13, p. 6 of 16].

131.    The Consent Judgment includes an agreement that the Image Claimants will not collect the Stipulated Judgment from Wonderland, but only from the Princeton Policies.

132.    Princeton is entitled to a declaration that the Stipulated Judgment is not covered under the Princeton Policies because at no time was Wonderland legally obligated to pay the Stipulated Judgment.

## COUNT XI

### Declaratory Judgment As To Wonderland.

133.    PESLIC incorporates and repeats the allegations set forth in paragraphs 1 through 132 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

134.    Based upon the foregoing, PESLIC did not owe Wonderland any duty under the 2017-2018 Policy to indemnify Wonderland against the claims made against it in the Ratchford Action.

135.    Based upon the foregoing, PESLIC did not owe Wonderland any duty under the 2016-2017 Policy to indemnify Wonderland against the claims made against it in the Ratchford Action.

136.    PESLIC is entitled to a declaration that it is not liable for any sum allegedly due to the Image Claimants from or on behalf of Wonderland.

## COUNT XII
### Declaratory Judgment As To The Image Claimants.

137.    PESLIC incorporates and repeats the allegations set forth in paragraphs 1 through 136 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

138.    Based upon the foregoing, PESLIC did not owe Wonderland any duty under the 2017-2018 Policy to indemnify Wonderland against the claims made against it in the Ratchford Action.

139.    Based upon the foregoing, PESLIC did not owe Wonderland any duty under the 2016-2017 Policy to indemnify Wonderland against the claims made against it in the Ratchford Action.

140.    PESLIC is entitled to a declaration that it is not liable for any sum allegedly due to the Image Claimants or any of them under the Policies; or pursuant to the Consent Judgment, the Stipulated Judgment or the purported assignment of Wonderland's rights under the Policies; or otherwise.

WHEREFORE, Plaintiff, The Princeton Excess and Surplus Lines Insurance Company, prays that the Court:

1.    Issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 determining and
       declaring as follows:

(a)     that there is no coverage for any of the claims in the Ratchford Action

under the 2017-2018 Policy, and PESLIC has no duty or obligation under

the 2017-2018 Policy to make payments to any of the Image Claimants or

to Wonderland, including any payment based upon the Consent Judgment;

(b)     that there is no coverage for any of the claims in the Ratchford Action

under the 2016-2017 Policy, and PESLIC has no duty or obligation under

the 2016-2017 Policy to make payments to any of the Image Claimants or

to Wonderland, including any payment based upon the Consent Judgment;

(c)     that, in the alternative, if it is determined that there is any coverage under

the 2016-2017 Policy and/or the 2017-2018 Policy, which PESLIC

contests and denies, then the amount payable under said policies must be

calculated for each Image Claimant for the actual damages incurred for

each offense concerning them that occurred during the periods when said

policy or policies were in effect, and that PESLIC is responsible only for

such amounts as are covered and not excluded under the Policies;

2.     awarding PESLIC its costs and fees, to the extent permitted by law; and

3.     granting PESLIC such other and further relief as this Court deems proper and just.

THE PRINCETON EXCESS AND SURPLUS
LINES INSURANCE COMPANY

By its attorneys,

/s/ Christina S. Marshall
Christina S. Marshall (RI Bar #9062)
Harvey Nosowitz (pro hac vice motion to be filed)
Anderson & Kreiger LLP
50 Milk Street, 21st Floor
Boston, MA 02109
(617) 621-6500
cmarshall@andersonkreiger.com
Dated: February 5, 2021                 hnosowitz@andersonkreiger.com